OPINION
PER CURIAM.
Victor and Kimberly Morgan, on behalf of their minor child Bradley, who is dyslexic, commenced this action to review the decision of a West Virginia hearing officer rejecting in part their complaint about the Greenbrier County (West Virginia) Board of Education’s compliance with the Individuals with Disabilities Education Act. The Morgans contended that because an Individualized Education Program (“IEP”) developed in May 2000 for Bradley’s 2000-2001 school year was inappropriate under the Act, they were entitled to have Bradley placed in an out-of-state private residential school and have the State reimburse them their annual costs of $27,800. While the hearing officer agreed that the IEP for Bradley was inappropriate, she directed the Morgans to follow an administrative process for developing a new IEP before any out-of-state placement would be considered. The hearing officer also concluded that the Morgans had failed to establish the need at that time for out-of-state placement and also the reasonableness of its cost.
The district court granted summary judgment for Greenbrier County, and, for the reasons that follow, we affirm.
I
During the 1999-2000 school year, Bradley was in the sixth grade at Greenbrier County (West Virginia) Elementary School. Because Bradley had previously been diagnosed as dyslexic, he received both special education and regular education part time.
On May 23, 2000, the Morgans and their son attended a meeting scheduled to develop Bradley’s 2000-2001 IEP. The Morgans were dissatisfied with the IEP developed, and, based both on Bradley’s past lack of educational progress as well as the process followed in developing the IEP, they requested a due process hearing to review the 2000-2001 IEP. At the same time, the Morgans unilaterally enrolled Bradley in a six-week summer course at the Oakland School in Virginia, a residential school that specializes in teaching dyslexic students.
The due process hearing was conducted before an impartial hearing officer on July *568 27 and 28, 2000, in Lewisburg, West Virginia, and on August 25, 2000, following the hearing, the hearing officer issued a lengthy written decision that included detailed findings of fact and conclusions of law. In her decision, the hearing officer agreed with the Morgans that the IEP developed for Bradley for the 2000-2001 school year was not appropriate in that it was not reasonably calculated to provide Bradley with educational benefit. While the hearing officer found “serious procedural deficiencies,” she nonetheless concluded that these deficiencies did not cause Bradley to lose “educational opportunity.” The officer noted that because the Morgans “elected to file a due process [hearing request] immediately, no IEP committee meeting could be reconvened as [had been] offered by the County.” To remedy this short-circuiting of the process, the hearing officer directed that the IEP committee meet as soon as possible, but in any case within 15 days of its order, to prepare an appropriate IEP for Bradley’s 2000-2001 school year. Moreover, the hearing officer detailed the process that had to be followed. The hearing officer concluded that only if the IEP committee concluded that Greenbrier County schools could not, based on evaluations, provide Bradley with an educational benefit in Greenbrier County, should the IEP committee consider residential placement as requested by the Morgans.
With respect to the Morgans’ request that Bradley be placed forthwith at an out-of-state residential school, the officer concluded that such a placement was not justified, and to order such a placement without pursuing a revised IEP would ignore the Act’s requirement that, “to the greatest extent possible, children are to be educated in the least restrictive environment.” See 20 U.S.C. § 1412(a)(5)(A). In addition, the hearing officer pointed out that the Morgans failed to provide any evidence “as to the reasonableness of the costs (approximately $25,000 per year) of the parents’ proposed placement.”
Similarly, with respect to the Morgans’ request for unilateral placement of Bradley at the Oakland School summer program, the officer concluded that the Morgans had not presented sufficient evidence for such a placement and for the reasonableness of its costs.
Finally the hearing officer rejected Bradley’s claim for “compensatory education.” Noting that compensatory education is a remedy “occasionally used when the County schools knew or should have known that the student’s IEP was inappropriate and when the student was not receiving more than de minimis educational benefit or when the County schools acted in bad faith,” the hearing officer found that those circumstances had not been demonstrated in this case. The officer stated that the County’s conduct amounting to procedural deficiencies did not “appear to be an act of deliberate indifference towards the parents’ IDEA rights.”
The Morgans commenced this action under the IDEA, 20 U.S.C. § 1415(i)(2)(A), to review the hearing officer’s decision (1) to refuse to approve the placement of Bradley at the Oakland School for the 2000 summer session, the 2000-2001 school year, and such years thereafter as necessary, and (2) to deny Bradley’s claim for reimbursement for expenses incurred in sending Bradley to the Oakland School. On the motion of Greenbrier County, the district court granted summary judgment to the County, essentially agreeing with the hearing officer on the issues raised. From the district court’s judgment, this appeal followed.
II
Under the Individuals with Disabilities Education Act (“IDEA”), State eligibility for federal funding requires the State to insure that a free appropriate public edu *569 cation is available to all disabled children between ages 3 and 21 residing in the State. 20 U.S.C. § 1412(a)(1)(A). To provide a free appropriate public education to a disabled student, a local educational agency must develop an appropriate “Individualized Education Program” (“IEP”) tailored to the individual student. Id. §§ 1412(a)(4), 1414(d); Bd. of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley, 458 U.S. 176, 181-82, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). The IDEA provides parents the opportunity to participate in the development of the IEP, 20 U.S.C. §§ 1414(d)(1)(B), (d)(3), and provides them procedural safeguards, id. § 1415.
The required procedural safeguards include the opportunity for parents to present complaints with respect to the State’s provision of a free appropriate public education or to the identification, evaluation, or educational placement of their disabled child. 20 U.S.C. § 1415(b)(6). Parents may pursue their complaint further by requesting an “impartial due process hearing,” which, in West Virginia, is conducted by the State educational agency. Id. § 1415(f)-(g); W. Va.Code St. R. § 126-16-8.1.11. “Any party aggrieved by the findings and decision” made by the State educational agency is given the right “to bring a civil action with respect to the complaint presented” to the agency. Id. § 1415(i)(2)(A). In the judicial proceeding, the administrative findings of fact are considered “prima facie correct, and if a review court fails to adhere to them, it is obliged to explain why.” MM ex rel. DM v. Sch. Dist. of Greenville County, 303 F.3d 523, 530-31 (4th Cir.2002). Stated differently, “the deference due the decision of the underlying State administrative process requires that the party challenging the administrative decision bear the burden of proof’ before the district court. Tice v. Botetourt County School Board, 908 F.2d 1200, 1206 n. 5 (4th Cir.1990) (citing Spielberg v. Henrico County Public Schools, 853 F.2d 256, 258 n. 2 (4th Cir. 1988)).
In this case, the hearing officer concluded that Bradley’s 2000-2001 IEP, developed for Bradley on May 23, 2000, was not appropriate, and she directed the IEP committee to meet within 15 days to prepare an appropriate one. She also specified the procedures that had to be followed in the renewed effort. The hearing officer concluded that only if the IEP committee concluded, after pursuing the specified procedures, that Bradley would not receive educational benefit within county schools could the IEP committee consider an out-of-state placement, as the Morgans requested. The Morgans have advanced no reason why this ruling was not appropriate and why they should not have completed the specified administrative process before commencing this action. Indeed, they were essentially vindicated in their claim that the original IEP was inappropriate and that a new one should be developed. Accordingly, we find no error by the district court’s affirmance of this ruling.
With respect to the Morgans’ claims that Bradley should be placed at an out-of-state residential school and that the State should reimburse the Morgans for the cost, we agree with the district court and the hearing officer that the Morgans have essentially jumped the gun. They have failed to demonstrate why only an out-of-state placement was appropriate and why they should not be required to proceed with the process ordered by the hearing officer. In addition, the Morgans presented no evidence sufficient to justify their placement of Bradley at an out-of-state residential school for the summer of 2000. Extended school year services are not necessary to a free appropriate public education under the IDEA unless “the benefits a disabled child gains during a regular school year will be significantly jeopar *570 dized if he is not provided with an educational program during the summer months.” MM ex rel. DM, 303 F.3d at 537-38. And with respect to both the summer placement and the proposed permanent placement at the Oakland School, the Morgans failed to present any evidence to justify the reasonableness of the costs. Finding no error below, we affirm.
We must note, however, that our judgment is a narrow one, ruling only on the limited issues placed before us by the Morgans’ complaint. We do not have before us the issue of the appropriateness of any IBP that was developed or any actions taken after the due process hearing. Thus, we do not rule on whether, in the appropriate circumstances, the Morgans might not still be entitled to some reimbursement or other relief.
For the reasons given, the judgment of the district court is

AFFIRMED.